STATE OF VERMONT

ENVIRONMENTAL COURT

Appeal of C.C. Construction } Docket No. 177-8-02 Vtec
and Charlie Christolini   }
           }
           }
           }

Decision and Order

Appellants C.C. Construction and Charlie Christolini appealed from three conditions of a decision of the Development Review Board (DRB) of the Town of St. Albans, granting final plat approval for an eight-lot subdivision.

Appellants are represented by Joseph P. Bauer, Esq.; the Town of St. Albans is represented by David A. Barra, Esq.; and Interested Person Michael Lawton appeared and represented himself. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellants received approval for an eight-lot subdivision served by municipal water and sewer, located between Fairfax Street and Orchard Street. Lots 1, 4 and 5 have frontage on Orchard Street and Lot 8 has frontage on Fairfax Street. Lots 1, 2 and 3 have access to Orchard Street by one 60-foot-wide right-of-way; Lots 5, 6, 7 and 8 have access to Orchard Street by another 60-foot-wide right of way, to be called Philomena Drive; and Lot 4 appears to have only direct access to Orchard Street. Mr. Lawton' s property on Orchard Street is adjacent to the proposed Philomena Drive, is adjacent in the rear to Lot 6 of the subdivision, and is adjacent to another unrelated property (the Ross property) along Orchard Street. The 8" water main to serve the subdivision runs on Appellants' property easterly along the frontage of Orchard Street beyond the Lot 4 property line, and diagonally northerly across Appellants' property to Fairfax Street along a 20" wide water main easement. This water line serves approximately 100 connections.

An approximately 42-year-old private 2-inch water line (the old private water line) extends from a municipal water main in Fairfax Street to Orchard Street along an easement across the westerly edge of Appellants' property, across what will be the back yards of Lots 6, 7, and 8, and across the Ross property to Orchard Street. As it relates to the issues in this appeal, the old private water line runs easterly along Orchard Street to serve Mr. Lawton' s property. Beyond Mr. Lawton' s property, it ran along the front of Appellants' property, under the right-of-way for Philomena Drive and along Orchard Street, and served two additional properties across Orchard Street. The owners of those properties have since relinquished their rights to the use of the old private water line, and it has been discontinued along Orchard Street easterly of Mr. Lawton' s property.

The old private water line served a total of ten houses that were members of the Orchard Street Water Association, under a water agreement in evidence as Exhibit 22. In recent years, at least, the Water Association operated informally, without elections or formal voting. In the time period leading up to the events in this case, Mr. Kris Vanderoudermeulen functioned as the president of the Water Association and Appellant Christolini dealt directly with him regarding matters to do with the old private water line. The old private water line was not in good condition and had experienced a break which was repaired by Appellants and which repair was paid for by the Water Association members.

In connection with the proposal at issue in the present case, the owners of all of the properties served by the old private water line, except for Mr. Lawton, have relinquished their rights to the old private water line, in return either for direct connection to the new 8" water line or for connection of the old private water line to the new 8" water line. They paid Appellants a share of the connection costs. Appellants installed shutoff valves for the water lines to the subdivision, and at the same time connected the old private water line to the new 8" water line just east of the Lawton property but outside the Philomena Drive right-of-way. To allow connection of the old private water line to the municipal system, the municipal water system also required Appellants to discontinue and cap the old private water line from Fairfax Street to Orchard Street, to avoid any flow and possible contamination to enter the municipal water system by back flow from the old private water line. This disconnection of the old private water line from its Fairfax Street supply was done on the Ross property at the same time as its connection to the new 8" water line.

Appellant challenges the following three conditions imposed by the DRB, as clarified by the language shown in bold type taken from the minutes of the DRB proceedings:

Condition 2. The applicant must state in writing to all ten lot owners that are currently on their own private water line; and to provide proof to the Zoning Administrator that these ten owners have been notified in writing by certified mail with return receipt of his intention to offer a free-of-charge hook up to his water line.

Condition 4. A performance bond of $2,000 to be provided (to be combined) regarding the responsibility to lie with Charles Christolini in the event there is a break **of the preexisting old private water line** directly within the road ROW [right-of-way] which services the Philomena Drive area for two years from the initiation of construction.

Condition 5. A landscaping bond be provided in the amount of $25,000 which includes the road ROW issue for any break **in the preexisting old private water line** in the road bed, detention pond, drainage and anything else.

To the extent that Conditions 4 and 5 address a performance bond to fulfill Appellants' responsibility to maintain that portion of the old private water line lying in the right-of-way for Philomena Drive, Appellants are correct that the issue has become moot as the old private water line has been relinquished by all its users easterly of Mr. Lawton's property and no portion of it still in use lies under the right-of-way to Philomena Drive.

The Town acknowledges that Condition 5 as written, including the language " and anything else," is overbroad and subject to challenge for vagueness. Appellants acknowledge that a condition requiring security to be posted for the completion and maintenance of the improvements proposed for this subdivision is appropriate under § 212(4) of the Subdivision Regulations. The Town proposes a revised Condition 5 that:

A landscaping bond be provided in the amount of $25,000 to secure the completion of all improvements including landscaping, roads, detention pond construction, water line construction, and drainage system construction, to be held by the Town for 2 years after the completion of all the required improvements has been certified by Appellants' Vermont-licensed engineer.

Appellants propose that the security be posted in the form of a letter of credit rather than a performance bond, and that the two-year requirement is inapplicable to construction and should only be applied to a smaller sum of $2,000, which Appellants suggest is all that is necessary to secure maintenance of the improvements for that period.

The required security may be posted in the form of a letter of credit rather than in the form of a bond. It is reasonable to require that a smaller amount of security would be necessary to secure maintenance of the improvements after construction. However, although Appellants presented evidence that the estimated cost of the landscaping alone was $21,000, they did not present evidence to support their proposed amount of reduction of that security after the certification of construction completion. For example, the potential cost of tree replacement materials is $4,500 in Exhibit 2, assuming a worst-case scenario that all of the landscaping trees had to be replaced. Accordingly, we approve the Town' s proposed revised Condition 5, with following editorial changes and the change to allowing a letter of credit:

A bond or letter of credit shall be provided in the amount of $25,000 to secure the completion of all improvements shown on the approved plans, including but not limited to landscaping, roads, detention pond, water lines, sewer lines, and drainage system, to be held by the Town for 2 years after the completion of all the required improvements has been certified by Appellants' Vermont-licensed engineer.

If Appellants and the Town wish to agree to a reduced amount of security during the two-year maintenance period after completion, they may do so in the form of a proposed amendment to this order, circulated to all the parties.

Condition 2 is moot with respect to all of the property owners served by the old water line other than Mr. Lawton, as their property has been hooked up to the new water line. It is also moot with respect to Mr. Lawton, as he has in fact been provided with the hook-up free of charge, by virtue of the connection of the old private water line to the new 8" water line and its disconnection from the segment of old private water line extending from Fairfax Street to Orchard Street. It would be an entirely advisory opinion of the Court now to determine whether the condition was within the authority of the DRB under § 220(3), either because Philomena Drive could have affected the old water line then running under it, or because the old water line could have contaminated the new water line or the municipal water system.

We also do not address in the present appeal whether Appellants performed construction activity on the proposal while this matter has been on appeal, as no enforcement action has been filed by the Town. Appellants' subdivision approval was not appealed by any party, and the Court does not here determine whether the subdivision or its water line should be or should have been approved. This appeal only raises the issues of whether Condition 2, Condition 4, or Condition 5 of that approval should remain or should be amended or deleted.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the issues on appeal as to Condition 2 and Condition 4 have become MOOT for the reasons discussed above, and that Condition 5 is amended as follows, with leave to the parties to propose an amendment to establish a smaller amount of security to be imposed for the two years after construction has been certified to be complete:

A bond or letter of credit shall be provided in the amount of $25,000 to secure the completion of all improvements shown on the approved plans, including but not limited to landscaping, roads, detention pond, water lines, sewer lines, and drainage system, to be held by the Town for 2 years after the completion of all the required improvements has been certified by Appellants' Vermont-licensed engineer.

Dated at Barre, Vermont, this 6th day of May, 2003.

_____
Merideth Wright
Environmental Judge

**Footnotes**